Common Pleas Court of Holmes County.

OCEAN ACCIDENT & GUARANTEE CORP. LTD. V.
GEORGE E. REYNOLDS.

Decided February 10, 1933.

*Bruce W. Bierce,* for plaintiff.
*Elmo M. Estill,* for defendant.

PUTNAM, J.

The plaintiff, a bonding company, bring this action against the clerk of the Common Pleas Court of Holmes county, Ohio, to recover a fine assessed against one, Frank Sundey and others in this court for the possession of intoxicating liquors and to the petition the defendant files his demurrer on the ground that the petition on its face does not show a valid cause of action in favor of the plaintiff and against the defendant.

The petition contains two causes of action, the second one being for a temporary restraining order restraining the clerk from distributing said fine. · The first cause of action is as follows:

"Plaintiff, for its cause of action, says that it is a foreign corporation authorized to do business in the state of Ohio, with its office in Pittsburgh, Pa.; and that defendant is the duly qualified and acting clerk of Courts of Holmes county, Ohio.

"For its cause of action, plaintiffs says that on or about the 3rd day of November, 1932, one Frank E. Sundey, also known as Frankie Sundey, robbed the Gold Standard National Bank of Marienville, Pa., stealing therefrom the sum of seven thousand five hundred thirty-eight and 50/100 dollars ($7,538.50) in bank notes and gold coin.

"That thereafter the said Frank E. Sundey did, on the 5th day of November, 1932, deliver the sum of seven hundred dollars, ($700.00) to this defendant, and on the 7th day of November, 1932, he delivered to this defendant the sum of five hundred dollars, ($500.00) out of the same bills and currency, which had been on the 3rd day of November, 1932, stolen by the said Frank E. Sundey from the Gold Standard National Bank, of Marienville, Pa.; that the said twelve hundred dollars, ($1,200.00) was delivered upon the fines and costs assessed against Frank E. Sundey, and various other parties by the Common Pleas Court of Holmes county, Ohio, for a violation of the liquor laws of the state of Ohio, which money was paid in Case No. 1345 of the Common Pleas Court of Holmes county, Ohio, and that a

large portion of said fines and costs had been assessed against others than Frank E. Sundey.

"That all of the said twelve hundred dollars ($1,200.00), which was delivered to the said defendant by the said Frank E. Sundey, was in the same bills and bank notes which the said Frank E. Sundey had stolen from the said Gold Standard National Bank, of Marienville, Pa.; that the said defendant, as clerk of courts of Holmes county, Ohio, received the said money from the said Frank E. Sundey, giving therefor no consideration whatsoever; that all of said defendants against whom said fines had been assessed, had been allowed their freedom by the Common Pleas Court of Holmes county, Ohio, prior to such payment being made by the said Frank E. Sundey.

"That at the time the said twelve hundred dollars ($1,-200.00) was received by this defendant, title to the said twelve hundred dollars ($1,200.00) was in the Gold Standard National Bank, of Marienville, Pa., and no title to the said money ever passed to the said Frank E. Sundey, or to this defendant, by reason of the fact that no consideration was given therefor by this defendant, and due to the fact that the same bank notes, which had been stolen from the said Gold Standard National Bank, of Marienville, Pa., were delivered to this defendant.

"Plaintiff further says that by assignment, it acquired all the right, title and interest of said Gold Standard National Bank, of Marienville, Pa., in and to the claim of said Gold Standard National Bank, to the said twelve hundred dollars, ($1200.00) delivered to this defendant by the said Frank E. Sundey.

"Wherefore, plaintiff asks this court for an order directing the defendant to deliver to this plaintiff the said twelve hundred dollars ($1,200.00) and for judgment against the defendant, in the sum of twelve hundred dollars ($1,200.00) with interest from the 7th day of November, 1932."

For the purposes of this demurrer, the material allegations of the petition are as follows:

"1.   That Frank Sundey stole $7,538.50 from a bank in Pennsylvania state.

"2.   That said Frank Sundey used a portion of said identical money so stolen by him to pay fines and costs imposed against himself and others for liquor law violations in case No. 1345 in the Common Pleas Court of Holmes county, Ohio.

"3.   That there was no consideration for said payment of fines and costs."

For the purposes of this demurrer, of course, all the allegations of said petition will be taken as true. Under these circumstances, does the petition of the plaintiff state a valid cause of action?

Counsel for both plaintiff and defense concede that the law as set forth in the 18 O. C. C. Reports, page 607, in the case of *Price* v. *Schwartz* is the law of Ohio. The case holds as follows:

"The law seems to be settled that one who takes in good faith and for valuable consideration in the usual course of trade a bank bill, takes also a good title to the same although the same has been stolen and although the same, in fact, is received from the thief himself."

However, plaintiff claims that this law is not applicable to the facts in the instant case as set forth in the petition for the following reasons:

"1. That this money was not received in the usual course of trade.

"2. That it was not received for a valuable consideration.

"3. That while this is an action of law, yet it should be governed and considered in connection with equitable principles, and if this money in good conscience belongs to the plaintiff, that a recovery should not be denied by technical rules and niceties of the law."

Let us consider and examine these claims of the plaintiff in order. The first is, that the money used in the payment of a fine in a court does not pass in the usual course of trade. What does the term, 'the usual course of trade,' mean? We have many different kinds of businesses and trade. Each and every line of human endeavor has its own particular course of trade. A merchant that sells groceries has his course of trade. An oil company, that drills oil wells and manufactures and sells that product has its course of trade. Ohio State University, in the hiring of its professors and instructors, care and maintenance of its buildings, receiving of fees from its students and the management of its athletic and other activities has its course of trade. The treasurer of Holmes county in receiving taxes from the citizens of Holmes county has its course of trade, and likewise courts for the administration of justice have their course of trade. They are engaged in the business of settling dis-

putes, rendering and collecting judgments, receiving fees and costs and disbursing the same. While trade has a great many and varied ramifications and they are not all alike and are as diversified as human activities are diversified, there is a course of business or trade or activity which a court is engaged in, and to say that money received through the courts is not in the usual course of trade would be to render a distinction, which the writer of this opinion thinks is not justified.

The second, was the money in the payment of this fine received for a valuable consideration? This presents a more difficult problem. Plaintiff in their brief cite many authorities for maintaining the proposition that a fine assessed against a defendant in a criminal action is not in any sense to be considered as a debt and cite many authorities to that end. However, no Ohio authority is cited. The court does not believe that a decision in this case makes it necessary to decide whether or not as a general rule a fine is a debt. Suffice it to say that in good many instances it does partake of the nature of a debt for certain purposes. For instance, it is held in the case of *Markel* v. *Akron,* 14 Ohio 591, that under the old pleading that the form of a debt was the proper form in an action for the recovery of a fine. In the case of *Kohler* v. *Goldstein,* 24 O. App. 272, and this was a case in which one who had been imprisoned for failure to pay a liquor fine and which he served out in jail at the rate of $1.50 per day sought the benefit of the insolvent debtors act, it was held that one so imprisoned was entitled to the benefits of the insolvent debtors act and held in effect, that the principle of imprisonment for debt did apply even though the prisoner might be discharged after he had been credited at the rate of $1.50 per day for serving time in jail. The real question is not the exact nature of a fine but is, is there any consideration for the payment of a fine? A consideration is defined to be as follows:

"A valuable consideration in the sense of the law may consist either in some right, interest, profit or benefit accruing to the other party or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other. 9 O. J. 297."

What is a fine?

"In its broadest sense the word 'fine' includes a forfeiture or penalty recoverable by civil action, but in ordinary legal phraseology the word 'fine' means a sum of money exacted of a person guilty of a criminal offense, the amount of which may be fixed by law or left to the discretion of the court. 19 O. J., 3."

Again in 19 O. J., 5, we find the following:

"Under the police power of the state laws are valid which impose fines, forfeitures and penalties on classes of acts denominated crimes and misdemeanors and which make these punishments a source of revenue. Within constitutional limitations, the legislature may under the police power enact laws sanctioned by such fines as will enforce the observance of the peace and dignity of the state."

The purpose of the imposition of a fine is to maintain a standard of conduct, which the experience of a people has judged to be in the best interest of their particular civilization and it follows from that, that the imposing of a fine is to maintain the peace and dignity of the state. So, bearing in mind our definition of a consideration, when a fine is paid for the infraction of a law, a benefit does accrue to one party, that is the state, and that benefit is the maintenance of the peace and dignity of the state, and the maintenance of that standard of conduct which the state has decreed to be its normal standard.

Our definition of a consideration also states some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other. In this particular case, under the allegations of the petition, the sentence was for violation of liquor laws, and while the petition does not state, yet it necessarily follows that such a sentence to be a valid sentence must include the provision that the defendant is fined a certain amount and in lieu thereof be committed to jail until the same be paid or secured to be paid or the defendant otherwise discharged. In this case, by the payment of a fine, the state forbears to deprive the defendant of his liberty, and the defendant by paying the fine received the benefit of not being deprived of his liberty. From these considerations it appears to this court that there is a valuable consideration where a fine is paid under the circumstances as exist in this case.

Looking now to the third point which the plaintiff raises, that even if those two facts should be resolved against him, yet under general principles of an equitable nature, that the plaintiff should not in good conscience be deprived of this money. This argument has its force and has been duly weighed by the court, but the court is unable to see any distinction between the position that the plainiff is in, in the instant case, and that in which he would be if this money had been paid to a merchant for clothing or to a lawyer for attorney fees or to any other person who took the same in good faith. This conclusion inevitably follows from the first two points considered that the money was taken in the usual course of trade and for a valuable consideration and without any fraud on the part of the payee and without any notice of the fact that the money was stolen and there is no such allegation in the petition.

Other questions have been raised by the defendant in that an action against the clerk for damages is not the proper action but that a replevin suit would be a proper form of action and that no tort has been alleged. However, maintaining the views which the court has above set forth, a consideration of these other matters is not necessary.

It is, therefore, the holding of the court that the petition does not state sufficient facts to constitute a cause of action and the demurrer will be sustained.